7/22/2016 11:44:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 11776354
By: JONATHAN PATTON
Filed: 7/22/2016 11:44:12 AM

CAUSE No. 2016-36033

| | | |
|---|---|---|
| CARMEN AND DUREY CADWELL, | § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| FIRST COMMUNITY INSURANCE COMPANY, | § § § | |
| Defendant. | § | 129TH JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF DEFENDANT FIRST COMMUNITY INSURANCE COMPANY TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIRST COMMUNITY INSURANCE COMPANY ("Defendant") files this Original Answer and would respectfully show as follows:

### I. ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Original Petition, or any amendments or supplements thereto, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II. ADDITIONAL DEFENSES

**Failure of Condition Precedent.** Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claims. Without limiting the foregoing, Defendant denies that the following has occurred:

 a.   that Plaintiffs complied with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the notice provision thereof;

 b.   that Plaintiffs provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to the filing suit;

      c.      that Plaintiffs provided the required written notice under Section 17.505 of the Texas Business and Commerce Code at least 60 days prior to filing suit; and

      d.      that Plaintiffs presented a claim as required by Chapter 38 of the Texas Civil Practice and Remedies Code.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant. Defendant was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant has not waived and is not waiving this provision and may assert it in the future.

**Bona Fide Controversy/Reasonable Basis.** As to all of Plaintiffs' extra-contractual claims alleging breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and all other extra-contractual claims, Defendant asserts that a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance benefits, which accordingly precludes extra-contractual liability.

**Existence of a Covered Loss.** To the extent covered and non-covered causes of loss combined to cause the damages complained of by Plaintiffs, Plaintiffs bear the burden to segregate

2501182v1
09613.036

the damages caused by covered causes of loss, if any, from damages caused by non-covered causes of loss, if any.

**Failure to Mitigate.** Plaintiffs are barred from any recovery, in whole or in part, due to Plaintiffs' failure to mitigate the alleged damages and/or to make any necessary repairs.

**Failure to State a Claim.** Plaintiffs' causes of action are barred, either in whole or in part, due to the failure to state a claim upon which relief can be granted. Specifically, Plaintiffs failed sufficiently to describe a cause of action for Defendant's alleged breach of contract, Texas Insurance Code violations, negligence, negligent misrepresentation, breach of the duty of good faith and fair dealing and breach of fiduciary duty and other alleged tortious acts by Defendant. In addition, there is no cause of action for negligent claim handling in Texas. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *see also Justice v. State Farm Lloyds Ins. Co.*, 246 S.W.3d 762, 765 (Tex. App.--Hou. [14th Dist.] 2008).

**Policy Provisions Limit or Preclude Coverage.** Plaintiffs' claims are barred and/or premature to the extent they failed to comply with all terms and conditions of the insurance policy at issue. Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the Policy. To the extent the Policy provides rights, remedies, or options available to Defendant that are not pleaded in this Answer, Defendant does not waive the right to invoke such provisions either contractually or by further pleading.

### III. DEMAND FOR JURY TRIAL

Defendant requests a trial by jury in accordance with the laws of the State of Texas. Plaintiffs have previously tendered the jury fee to the District Clerk.

IV. PRAYER

WHEREFORE, Defendant First Community Insurance Company respectfully prays that Plaintiffs take nothing by this suit herein, that Defendant go hence with costs and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

/s/ *R. Tate Gorman*
R. Tate Gorman, **attorney-in-charge**
State Bar No. 24032360
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8248
Fax: (214) 871-8209
E-Mail: tgorman@thompsoncoe.com

And:

Vasilia M Wilkes
State Bar No. 24051452
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8285
Fax: (713) 403-8299
E-Mail: vwilkes@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT
FIRST COMMUNITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of July, 2016, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ *Vasilia M. Wilkes*
Vasilia M. Wilkes

2501182v1
09613.036



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 22, 2016

Certified Document Number:        71176067 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**